UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDY HUGHES                                    CIVIL ACTION

VERSUS                                          NO: 12-2841

TIM KEITH, WARDEN                               SECTION: "J"

## ORDER & REASONS

Before the Court is a *Motion for Reconsideration* **(R. Docs. 26, 27)** filed by Petitioner, Randy Hughes ("Petitioner"), and an opposition thereto **(R. Doc. 35)** filed by the State of Louisiana on behalf of Respondent, Warden Tim Keith ("Respondent"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Petitioner's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Petitioner Hughes is a convicted inmate who asks this Court to "declare all judgments [rendered against him] an absolute nullity" under Federal Rule of Civil Procedure 60(b) due to "fraud upon the Court by respondent and in the interest of justice." (R. Doc. 26.) On March 17, 2008, Petitioner was charged by bill of information with one count of attempted distribution of cocaine in violation of Louisiana Revised Statute § 40:979/967(A) and one count of possession of cocaine in violation of Louisiana Revised Statute § 40:967(C). (R. Doc. 15.) Petitioner pleaded guilty to

both counts and was sentenced to fifteen years for the attempted distribution of cocaine charge and five years on the count of possession of cocaine, each sentence to run concurrently. *Id.* Pursuant to the plea agreement, Petitioner also stipulated to being a fourth felony offender in exchange for the mandatory minimum sentence of twenty years at hard labor without benefit of parole, probation, or suspension of sentence. *Id.* After exhausting his state court review, Petitioner filed a §2254 petition in the Federal District Court for the Middle District of Louisiana, R. Doc. 1, which was thereafter transferred to this Court. (R. Doc. 2.)

In his original petition, Petitioner first argued that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to advise him of his right to enter an *Alford* plea, thus making his guilty plea involuntary. (R. Doc. 1 at 2); *see North Carolina v. Alford*, 400 U.S. 25 (1970). Second, Petitioner argued that he was denied his Fifth, Sixth, and Fourteenth Amendment rights when he was not advised of his rights under Louisiana Revised Statute § 15:529.1(D). *Id.* Third, Petitioner argued that he was denied effective assistance of counsel when his trial counsel failed to move to quash the multiple bill of information, and when trial counsel "did not challenge proof of the ten year cleansing period linking his 1987 conviction in the multiple offender proceeding. . . ." *Id.* at 3. Finally,

2

Petitioner argued that the trial court violated his Fifth Amendment right to due process by finding his claims for relief procedurally barred and non-cognizable. *Id.*

On December 23, 2013, Magistrate Judge Alma Chasez issued a Report and Recommendations on Petitioner's original federal habeas petition. (R. Doc. 15.) The magistrate determined that Petitioner's first three claims, as respectively described above, were procedurally barred and dismissed with prejudice. *Id.* at 35. As to Petitioner's fourth and final claim, the magistrate noted that "a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law." *Id.* (citing *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998)). The magistrate determined that this claim was beyond the scope of the Court's review and dismissed with prejudice. *Id.* at 36. On January 8, 2014, this Court adopted the magistrate judge's Report and Recommendations over Petitioner's objections. (R. Doc. 17.) On April 25, 2016, the Fifth Circuit affirmed this Court's judgment. (R. Doc. 25; R. Doc. 25-1.)

On June 27, 2016, Petitioner filed the present Rule 60(b) *Motion for Reconsideration*. (R. Docs. 26, 27.) Petitioner's motion presents several arguments, some new and some old. First, Petitioner argues that "the State of Louisiana has obtained judgment by reliance of State v. Cotton, 45 So.3d 1030 (La. 10/15/10) retroactively to [his] conviction and sentence. . . ."

3

(R. Doc. 26 at 2.) Petitioner argues that all state court judgments are absolutely null as a result thereof. *Id.* Second, Petitioner argues that Louisiana Code of Criminal Procedure Article 881.2 prohibited him from seeking review of his sentence in conformity with the plea bargain which was set forth in the record at the time of the plea. *Id.* Third, Petitioner argues that his post-conviction counsel was ineffective by not challenging the multiple bill adjudication and sentence, because he was not advised of the minimum and maximum sentences to which he may be subject, was not advised of his right to a trial by judge or jury, was not "*Boykinized*," and was not advised of his right to confront and cross examine his accusers. *Id.* at 3. Petitioner further argues that he was "subjected to ineffective counsel during the multiple bill adjudication hearing and sentence due to [counsel's] failure to investigate the constitutionality of the underlying prior felonies being used for multiple bill purposes under Louisiana Revised Statute 15:529.1 and available defenses and file a Motion to Quash the Multiple Bill of Information prior to advisement to plead guilty resulting in the increase of sentence." (R. Doc. 26-1 at 4.) Fourth, Petitioner argues that he had a protected due process and equal protection right to attack his conviction and sentence. (R. Doc. 27.) Finally, Petitioner argues that "the trial court lacked jurisdiction to entertain [his] Motion to Retract

4

(Withdraw) Guilty Plea filed on February 28, 2010 . . . since [his] right to appeal had yet to lapse." *Id.*

Respondent filed an opposition to Petitioner's motion. (R. Doc. 35.) Respondent argues that Petitioner's motion raises new claims and arguments that were not raised previously. As a result, Respondent argues Petitioner's motion should be denied as unexhausted and procedurally defaulted. *Id.* at 5. Further, Respondent argues that Petitioner is attempting to file an unauthorized second or successive petition. *Id.* Respondent also argues that Petitioner's motion is untimely. However, even if the motion was filed timely, Respondent argues that Petitioner has not demonstrated that fraud or other misconduct occurred and has not demonstrated that any such misconduct prevented him from fully and fairly presenting his case. *Id.* at 8. Finally, Respondent argues that Petitioner has not demonstrated any extraordinary circumstances that would entitle him to relief under Rule 60(b)(6).

## DISCUSSION

Federal Rule of Civil Procedure 60(b)-(c) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

5

>    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    **(4)** the judgment is void;
>    **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
>    **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Rule 60(b)(3) and Rule 60(b)(6) appear to be the only sections relevant to Petitioner's motion. *See* (R. Doc. 26.) Rule 60(b)(3) carries a one-year limitation period. Fed. R. Civ. P. 60(b)(c)(1). Rule 60(b)(6) motions must be filed within a reasonable period of time. *Id.* This Court entered judgment in favor of Respondent and against Petitioner on January 8, 2014. (R. Doc. 18.) Petitioner filed the present Rule 60(b) motion on June 27, 2016. *See* (R. Docs. 26, 27.) Almost two and a half years passed between judgment and the present motion, and Petitioner's appeal to the Fifth Circuit did not toll that period. *See Worldwide Detective Agency, Inc. v. Cannon Cochran Mgmt. Servs., Inc.*, 622 F. App'x 383, 386 (5th Cir. 2015). Accordingly, Petitioner's motion is untimely and may be denied on this ground alone. *See Morman v. 22nd JDC St. Tammany, LA*, No. 12-339, 2015 WL 8769965, at *2 (E.D. La. Dec. 15, 2015)

(holding that the plaintiff's three-and-a-half year delay did not meet the "reasonable time" requirement of Rule 60).

Nevertheless, even if Petitioner had sought timely relief, the Court is required to determine whether his motion should be construed as a "true" 60(b) motion or rather an unauthorized successive habeas petition. The first step in determining whether a 60(b) motion is a successive habeas petition is to determine whether Petitioner's motion contains "claims" as defined by 28 U.S.C. § 2254(b). *Gonzalez v. Crosby*, 545 U.S. 525, 530 (2005). "A motion brings a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. District courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings only if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* Thus, where a Rule 60(b) motion challenges the district court's denial of habeas relief on the merits, it must be considered a second or successive petition. *Id.* However, "challenges to dismissal of prior habeas petitions on grounds of procedural default, time bar or failure to exhaust are not challenges to dismissal on the merits, should not

7

be construed as improper successive habeas petitions, and are properly before the district court." *Holley v. Terrel*, No. 10-1787, 2013 WL 2243835, at *2 (E.D. La. May 21, 2013).

This Court's Report and Recommendations dismissed several claims as procedurally barred. Specifically, because Petitioner failed to comply with state procedural rules and the state's application of said procedural rules were adequate and independent of federal law, the Court dismissed the following claims with prejudice: (1) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when counsel failed to advise him of his right to enter an *Alford* plea, thus making his guilty plea involuntary; (2) Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights when he was not advised his rights under Louisiana Revised Statute 15:529.1(D); (3) Petitioner was denied effective assistance of counsel when his trial counsel failed to move to quash the multiple bill of information, which resulted in a double enhanced penalty, and when trial counsel "did not challenge proof of the ten year cleansing period linking his 1987 conviction in the multiple offender proceeding. . . ." *See* (R. Doc. 15 at 20.) Petitioner now argues that his counsel was ineffective on post-conviction relief because counsel did not challenge that multiple bill and sentence, did not file a motion to correct illegal sentence, and did not file a writ of habeas corpus. (R. Doc. 26 at 2.) Because this claim was raised in

8

Petitioner's original petition and not addressed on the merits, it is ripe for a "true" Rule 60(b) determination. *See Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010).

Rule 60(b)(3) provides relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. Pro. 60(b)(3). Under Rule 60(b)(3) Petitioner must demonstrate, by clear and convincing evidence, "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented [him] from fully and fairly presenting his case." *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005)). The Fifth Circuit has held that "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). Petitioner has not produced evidence of fraud or misconduct, nor has he demonstrated that such misconduct prevented him from fully and fairly presenting his case. Accordingly, this claim must be denied.

As to Rule 60(b)(6), the Fifth Circuit has noted that "'[r]elief under this section is granted only if extraordinary circumstances are present.'" *Williams*, 602 F.3d at 312 (quoting *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (internal quotation marks omitted) (alteration in

original)). Further, ineffective assistance of counsel does not satisfy the "extraordinary circumstances" bar under Rule 60(b)(6). *Id.* (citing *Wells v. United States*, No. 3-1152, 2007 WL 2192487, at *4 (N.D. Tex. July 27, 2007). Likewise, Petitioner has not demonstrated any extraordinary circumstances that would entitle him to relief pursuant to Rule 60(b)(6), and this claim must be denied.

Petitioner also appears to argue that he did not knowingly and voluntarily waive his right to appeal his guilty plea and sentence, which he argues was in violation of his due process and Sixth Amendment rights. (R. Doc. 26-1 at 3-4.) It appears that this claim is the same claim that Petitioner raised in his initial petition as to his counsel not advising him of the right to enter an *Alford* plea. (R. Doc. 1-2 at 3.) Again, this claim was not previously addressed on the merits and is ripe for a Rule 60(b) determination. However, also like his previous claim, Petitioner has not demonstrated that fraud or other misconduct occurred. Thus, Petitioner's argument under Rule 60(b)(3) must fail. Further, Petitioner has not demonstrated any extraordinary circumstances that would entitle him to relief under Rule 60(b)(6), and this argument too must fail.

Finally, Petitioner's Rule 60(b) motion raises several new claims that were not raised in his initial petition. First, Petitioner's 60(b) motion argues that Louisiana state courts

obtained judgments by relying retroactively on *State v. Cotton*, 2009-2397 (La. 10/15/10); 45 So. 3d 1030. (R. Doc. 26 at 2) (citations omitted). Second, Petitioner asserts that "[Louisiana Code of Criminal Procedure Article 881.2] prohibited petitioner Hughes from seeking review of his sentence in conformity with the plea bargain which was set for the [sic] in the record at the time of the plea." *Id.* (citations omitted). Third, Petitioner argues that the "trial court was without jurisdiction to adjudicate and sentence petitioner Hughes as a Fourth Felony Offender under [Louisiana Revised State 15:529.1]. . . ." (R. Doc. 26-1 at 12.) Fourth, Petitioner raises several new ineffective assistance of counsel claims. Petitioner argues that he was not advised of the minimum and maximum penalties he faced, that he was not advised of his right to a trial by judge or jury, that he was not "*Boykinized*," and that he was not advised of his right to confront and cross examine his accusers. (R. Doc. 26 at 3.) Fifth, Petitioner argues that he had a protected due process and equal protection right to attack his conviction and sentence. (R. Doc. 27.) Finally, Petitioner argues that "the trial court lacked jurisdiction to entertain [his] Motion to Retract (Withdraw) Guilty Plea filed on February 28, 2010 . . . since [his] right to appeal had yet to lapse." *Id.* These claims must be dismissed as they constitute successive habeas applications barred by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(b)(2);

*Balentine*, 626 F.3d at 848; *Gonzalez*, 545 U.S. at 524 (holding that a Rule 60(b) motion is successive petition if the motion raises a new ground for relief not previously raised). Further, to the extent Petitioner argues that Louisiana state courts inappropriately relied on *State v. Cotton*, "[a] federal habeas court does not sit to correct errors made by state courts in interpreting and applying the law." *Narvaiz*, 134 F.3d at 695.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Reconsideration* **(R. Docs. 26, 27)** is **DENIED**.

New Orleans, Louisiana this 17th day of January, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE